46 F.3d 1114
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Victor FELIZ-CUEVAS, Plaintiff, Appellant,
v.
Edward T. MULDOON, Defendant, Appellee.
 No. 94-1963.
 United States Court of Appeals,
First Circuit.
 Jan. 25, 1995.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. William G. Young, U.S. District Judge ]
 Victor Feliz-Cuevas on brief pro se.
 Paul V. Buckley and Danna A. Curhan on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We affirm the dismissal of plaintiff's contract action against his former attorney because the federal court lacked jurisdiction to decide the case. Whether defendant had violated the alleged agreement to represent plaintiff presented only an issue of state law, which a federal court may not decide unless the requirements for diversity jurisdiction, one of which is that the amount in controversy exceed $50,000, 28 U.S.C. Sec. 1332, are satisfied. While plaintiff's complaint sought return of his $16,000 deposit, plus $4,000,000 in punitive damages and $2,000,000 in compensatory damages, the latter two amounts can not be counted because punitive damages may not be recovered under Massachusetts law in a contract action, DeRose v. Putnam Management Co., 398 Mass. 205, 212, 496 N.E.2d 428, 432 (1986), and the factual situation described in the complaint would not permit a compensatory damage award in an amount sufficient to meet the $50,000 requirement. Regardless whether or not defendant wrongfully refused to return plaintiff's $16,000 deposit, plaintiff was not justified in illegally entering this country, and defendant can not be held financially responsible for plaintiff's present incarceration.
 
 
 2
 The judgment dismissing plaintiff's action is affirmed. Where, as here, the requirements for diversity jurisdiction have not been satisfied, a contract action belongs in state court.